UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number 04-20238

CIV-MARTINEZ

7 KLEIN

BEVERLY IRWIN,

    Plaintiff,

vs.

CARNIVAL CORPORATION
f/k/a CARNIVAL CRUISE LINES,
a foreign corporation

    Defendant.
_____/



## COMPLAINT

    COMES NOW Plaintiff, BEVERLY IRWIN, by and through her undersigned counsel, in the above-styled cause and sues the defendant, CARNIVAL CORPORATION f/k/a Carnival Cruise Lines (hereinafter referred to as "Carnival"), and alleges the following:

    1.    Plaintiff, Beverly Irwin, seeks damages for injuries sustained while a passenger on Carnival's "Glory" on July 26, 2003.

    2.    This lawsuit is brought as a result of a passenger ticket contract received by plaintiff from defendant containing a forum selection clause under diversity jurisdiction pursuant to 28 U.S.C. § 1322.

    3.    At all times material hereto, the defendant, Carnival, was and is a foreign corporation licensed to and doing business in Dade County, Florida.

    4.    At all times material hereto, plaintiff, Beverly Irwin, was and is a resident of Lake Helen, Florida.



5. Plaintiff's counsel is not in possession of plaintiff's Cruise Ticket Contract. However, upon information and belief, said ticket contains a forum selection clause.

6. Upon information and belief, the forum selection clause contained in plaintiff's passenger ticket reads as follows:

> "It is agreed by and between the Guest & Carnival that all disputes and matters whatsoever arising under, in connection with/or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the <u>United States District Court for the Southern District of Florida, in Miami</u>, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Court's of any other county, state or country." (emphasis added).

7. On or about July 26, 2003, the plaintiff, Beverly Irwin, was a passenger on a ship known as the "Glory" which was owned, operated, maintained and/or controlled by the defendant which embarked from and returned to Cape Canaveral, Florida, pursuant to the cruise Ticket Contract for Carriage between the plaintiff and defendant.

8. Plaintiff, Beverly Irwin, was at all times material hereto, an invitee onboard the defendant's ship.

9. All conditions precedent to bringing this lawsuit have been performed, have been excused, or have been waived.

10. At all times hereto, the defendant had a duty to maintain the aforesaid ship in a reasonably safe condition by virtue of its ownership, operation, control and maintenance responsibilities.

11. On or about July 26, 2003, plaintiff embarked upon the defendant's ship, "Glory". After having lunch, the plaintiff went to the casino area. Upon trying to sit on a stool to play the slot machines, the cushion she sat upon tipped and rocked causing Ms. Irwin to fall.

12. Specifically, the defendant, Carnival Corporation, was careless and negligent in failing to maintain the ship, "Glory", on said date in a reasonably safe condition by virtue of the following acts and omissions:

(a) Allowing a hazardous condition to exit whereby sitting cushions in the slot area in the casino had no stability;

(b) Permitting the plaintiff and other passengers to play slot machines on chairs which tipped and rocked causing plaintiff to fall back and hit the floor;

(c) Failure to provide safety precautions in the aforementioned area which was and is heavily utilized by plaintiff and other similarly situated passengers aboard ship of the existence of this dangerous and hazardous condition;

(d) Failing to correct the aforesaid hazardous condition notwithstanding the fact that the defendant had created this condition, and additionally, notwithstanding the fact that the defendant should have known of the existence of the hazardous condition had it exercised reasonable care;

(f) Failing to place any warning and/or caution signs to advise the plaintiff of the existence of the instability of the casino chairs cushions.

13. As a direct and proximate result of the aforesaid negligent acts and omissions, the plaintiff was caused to fall in the casino resulting in serious personal injury, mental and physical pain and suffering, surgery, disability, disfigurement, loss of capacity for the enjoyment of life,

aggravation of a previous existing condition, and medical expenses associated with her care and treatment for her injuries. The aforesaid losses are permanent and the plaintiff will continue to suffer these losses in the future.

WHEREFORE, due to the foregoing, the plaintiff demands judgment for damages against the defendant, costs of this action, and further demands a trial by jury of all issues so triable as a matter of right in this cause.

Signed this 29th day of January, 2004.

Respectfully submitted,

*Karen Cohen*
KAREN COHEN
Florida Bar No. 910333
Law Offices of Karen Cohen, P.L.L.C.
Attorneys for Plaintiff
88 N.E. 168th Street
North Miami Beach, FL 33162
Telephone:  305-654-4444
Facsimile:  305-654-8435

IRWIN\COMPLAINT.1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-20238

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

BEVERLY IRWIN

**DEFENDANTS**

CARNIVAL CORPORATION f/k/a CARNIVAL CRUISE LINES, a foreign corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Docket 1:04cv20238 JEM/Klein

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Karen Cohen, P.L.
88 N.E. 168 St., N. Miami Beach,
FL 33162 (305-654-4444)

ATTORNEYS (IF KNOWN)
Unknown

CIV-MARTINEZ

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE)  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY    JUDGE _____   DOCKET NUMBER _____

DATE 1/29/04

SIGNATURE OF ATTORNEY OF RECORD
Karen Cohen

FOR OFFICE USE ONLY

RECEIPT # 995791   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____